ALBERT P. BALLOG, JR., Bar No.: 103627
SUSAN FAYE L. FRANCISCO, Bar No.: 249594
**SULLIVAN, BALLOG & WILLIAMS, LLP**
400 North Tustin Avenue, Suite 120
Santa Ana, California 92705
Telephone:   (714) 541-2121
Facsimile:   (714) 541-2120
apb@sullivanballog.com
sff@sullivanballog.com

Attorneys for Defendants, COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY J. MCCLAIN and DEPUTY T. CARRILLO

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEA RILEY, | Case No.  SACV11-00773 JST (ANx) |
| Plaintiff, | The Honorable Arthur Nakazato |
| vs. | |
| ORANGE COUNTY, ORANGE COUNTY SHERIFF'S DEPARTMENT and DOES 1 through 10, Inclusive, | **[proposed] PROTECTIVE ORDER** |
| Defendants. | |
| _____ | Complaint Filed:   May 20, 2011 |

Based upon the stipulation of the parties and good cause appearing,

**IT IS HEREBY ORDERED** that:

This Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  This Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1

**1.   DESIGNATION AS CONFIDENTIAL:**

Defendants, COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, DEPUTY J. MCCLAIN and DEPUTY T. CARRILLO[hereinafter referred to as "Defendants"], may designate as "CONFIDENTIAL"  material the following items produced in response to discovery:

a.   Documents relating to personnel complaint(s) in connection with Plaintiff's allegations against the County of Orange, Orange County Sheriff's Department and/or its agents and employees and any accompanying administrative and/or executive summaries of the actions referenced in the personnel complaints, including Intra-Departmental Memo dated December 27, 2010;

b.   Names and addresses of inmates;

c.   Work Station Logs;

d.   24 Hour Log for IRC;

e.   OCSD Sergeants Log; and

f.   Watch List for IRC.

The production of the aforementioned materials does not waive any objections that will be made with respect to the admissibility of any of these documents at time of trial.

The designation of "CONFIDENTIAL" material shall be made by placing or affixing upon written transcripts/documents in a manner which is not to interfere with its legibility, the words "CONFIDENTIAL," to each page that contains protected material. The designation shall be made prior to, or in compliance with, the future production of the above-referenced written and/or recorded materials.

**2.   USE OF CONFIDENTIAL MATERIAL:**

Materials and information designated as "CONFIDENTIAL" under this Protective Order shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, for any purpose whatsoever other than prosecuting, defending and attempting to settle this matter.

[proposed] PROTECTIVE ORDER

### 3.    DISCLOSURE OF CONFIDENTIAL MATERIAL:

Counsel for any party shall  not disclose or permit the disclosure of any material or information agreed to be designated as "CONFIDENTIAL" and the information contained therein, under this Protective Order to any other person or entity, including, but not limited to, other persons who have or will file claims or lawsuits against the Defendants, media, entertainment or news personnel, attorneys' organizations or associations, or other organizations or associations that collect information about lawsuits against the Defendants.

    (a)    <u>EMPLOYEES</u>: Disclosure may be made to employees of Plaintiff's counsel who are assisting in the preparation and trial of this action or any appeal regarding this action.  Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information contained in therein be held in confidence.

    (b)    <u>EXPERTS and CONSULTANTS</u>: Disclosure may be made to experts employed by Plaintiff or her counsel to assist in the prosecution of this matter, who have committed in writing in advance of disclosure to Plaintiff's counsel, agreement to be subject to the provisions of this Protective Order, requiring that the material and information contained in therein be held in confidence.

### 4.    COPIES, EXTRACTS, SUMMARIES and DESCRIPTIONS:

Any person having access to material or information designated as "CONFIDENTIAL" under this Protective Order shall not make copies, extracts, or summaries of the material or information contained in the material, or any portion thereof, except that copies, extracts, or summaries may be prepared by Plaintiff's counsel, or experts or consultants employed by Plaintiff's counsel in the prosecuting, defending and attempting to settle this matter.  Any such copies, extracts, or summaries shall be treated as confidential material under the provisions of this Protective Order.

**5.    DISPUTES:**

5.1    <u>TIMING OF CHALLEGES</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>MEET AND CONFER</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

///
///

5.3    <u>JUDICIAL INTERVENTION</u>: If the Parties cannot resolve a challenge

without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days or 14 days, if applicable shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on the other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**6.    USE AS EVIDENCE and USE DURING DEPOSITIONS:**

If, during any court proceeding, either pre-trial, post-trial or during trial, Plaintiff

intends to offer into evidence any documents, exhibits, or other materials that reveal materials or information claimed to be confidential by Defendants, counsel for Plaintiff shall provide counsel for Defendants reasonable advance notice of such intention.   In accordance with Local Rule 79-5.1, if papers to be filed with the Court contain material or information that has been designated as "CONFIDENTIAL," the proposed filing shall be accompanied by an application to file the papers or the portions thereof containing the confidential material information (if such information is segregable under seal; and that the application shall be directed to the judge to whom discovery is assigned).   If, in connection with any deposition taken in this action, Plaintiff's attorneys question a witness regarding materials marked as "CONFIDENTIAL" by Defendants as agreed, or uses confidential material as deposition exhibits, the transcripts of such deposition testimony and exhibits shall be designated as confidential material and shall be subject to the provisions of this Protective Order.

### 7.     RETURN OF DOCUMENTS:

Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for Plaintiff shall return to counsel for Defendants, within sixty (60) calendar days, all materials and all copies thereof in their possession or subject to their control, (including, but not limited to, materials furnished to consultants and/or experts) that was designated by Defendants as "CONFIDENTIAL" in accordance with this Protective Order.

### 8.     FAILURE TO COMPLY WITH PROTECTIVE ORDER:

Failure to comply with the Protective Order could subject the non-compliant individual/s to sanctions and punishment in the nature of contempt.

///

///

///

### 9.     ADDITIONAL PARTIES:

If any other party to this civil litigation requests copies of the documents subject

[proposed] PROTECTIVE ORDER

to this confidential protective order, counsel for the party to whom the request is made shall first provide a copy of the Stipulated Protective Order to the requesting party. The requesting party shall confirm in writing that both the party and their attorney(s) shall be bound by the terms of the Stipulated Protective Order. The writing must also include consent, by the person to whom disclosure is made, to be subject to the jurisdiction of this court with respect to any proceeding relating to the enforcement of this Stipulated Protective Order, including but not limited to, any proceeding for contempt.

The foregoing is without prejudice to the right of any party:

(a)   To apply to the court for a Protective Order relating to confidential material or related to discovery in this litigation;

(b)   To apply to the Court for an order permitting the removal of the "CONFIDENTIAL" designation from any documents;

(c)   To apply to the Court for an order compelling production of documents or modifications of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

**SO ORDERED.**

DATED: December 19, 2011

_____
THE HONORABLE ARTHUR NAKAZATO
United States District Court Magistrate Judge

# PROOF OF SERVICE
## [C.C.P. 1013A]

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and am not a party to the within action. My business address is 400 North Tustin Avenue, Suite 120, Santa Ana, California 92705.

On the date set forth below, I served the following document(s) described as ********** on all interested parties in this action by:

☒   placing   ☐ the original  ☒ a true copy thereof enclosed in sealed envelopes addressed as stated below:

SEE ATTACHED SERVICE LIST

☒   **BY MAIL:** The envelope was mailed with postage thereof fully prepaid, for collection and mailing on that date following ordinary business practices in the United States Mail in Santa Ana, California, addressed as shown below. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and in the ordinary course of business, correspondence would be deposited with the United States Postal Service the same day it was placed for collection and processing.

☐   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

☐   **BY FACSIMILE TRANSMISSION:** From Fax No. _____ to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

☐   **BY OVERNIGHT DELIVERY:** By depositing copies of the above document(s) in a box or other facility regularly maintained by FEDERAL EXPRESS, in an envelope or package designed by FEDERAL EXPRESS with delivery fees paid or provided for and sent to the person(s) named on the attached service list [*C.C.P.* §1013, 2015.5].

☒   [State]   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐   [Federal]   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May __, 2011, at Santa Ana, California.

1

2

3

4      **Sandy Waggle, Declarant**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
***Riley v. County of Orange***
**Our File No.:0001-196**

| Counsel of Record | Phone/Fax Nos. | Party |
|---|---|---|
| Mervyn S. Lazarus<br>LAW OFFICES OF MERVYN S. LAZARUS<br>4340 Campus Drive, Ste. 100<br>Newport Beach, CA 92660<br>**msl@proklaw.com** | (949) 315-0102 - Tel.<br>(949) 786-1525 - Fax | In Pro Se |